LILLIAN NELSEN et al., Appellants, v. CHARLES R. RAMPONE et al., Respondents.—Appeal by plaintiffs from a judgment of the Supreme Court, Suffolk County, entered May 4, 1967 after a nonjury trial, upon the trial court's (1) dismissal of the complaint, which alleged false arrest, false imprisonment and malicious prosecution, and (2) award to defendants of $1,525 upon a counterclaim. Appeal dismissed, with costs. By order dated March 3, 1969 this court dismissed the appeal unless the appellants would file and serve a proper appendix within 30 days after entry of that order (Nelsen v. Rampone, 31 A D 2d 933). Appellants have submitted a supplemental appendix which is patently insufficient to determine the issues raised. The appendix contains only excerpts of the testimony of plaintiffs' witnesses and part of the cross-examination of defendant Charles Rampone. Plaintiffs' principal contention is that the trial court erred in finding against them on the merits. "An appellate court cannot review the weight of the evidence without an examination of all the pertinent proof. Plaintiff was afforded an opportunity to remedy the defect but her 'supplemental appendix' remains wanting in that regard" (Melville v. Melville, 29 A D 2d 970; see, also, E. P. Reynolds, Inc. v. Nager Elec. Co., 17 N Y 2d 51). Because of circumstances unique to this appeal, we have examined the full trial record and were we not dismissing the appeal we would affirm on the merits. Hopkins, Acting P. J., Benjamin, Munder, Martuscello and Kleinfeld, JJ., concur.

ELIZABETH J. O'CONNOR, Respondent, v. GOODRICH-ROSENSHEIM CO., INC., et al., Defendants, BIG SCOT ASSOCIATES, INC., Defendant and Third-Party Plaintiff-Appellant, et al., Third-Party Defendants. (And Another Title.) — Judgment of the Supreme Court, Dutchess County, dated November 22, 1968, affirmed. No opinion. Appeal from order of the same court, made in Orange County on November 21, 1968, and entered in Dutchess County November 22, 1968, dismissed. An order denying a motion to set aside a verdict, made only on the trial minutes, is not appealable. In any event, the contentions urged with respect to the motion were considered on the appeal from the judgment. One bill of costs is allowed to respondent to cover both appeals. Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Kleinfeld, JJ., concur.